SUMMARY ORDER

Petitioner Qi Wu Lin, a native and citizen of China, seeks review of the August 5, 2008 order of the BIA affirming the April 12, 2007 decision of Immigration Judge (“IJ”) Javier Balasquide denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Qi Wu Lin, No. A 200 039 982 (B.I.A. Aug. 5, 2008), aff'g No. A 200 039 982 (Immig. Ct. N.Y. City Apr. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions — • or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As an initial matter, in his brief, Lin does not challenge the IJ’s findings that: (1) his testimony regarding his Falun Gong practice in the United States was both internally inconsistent and inconsistent with the documentary evidence he submitted; and (2) his testimony was internally inconsistent regarding the Falun Gong materials that he distributed prior to his arrest. Thus, he has waived any challenge to those findings, Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), and they stand as valid bases for the IJ’s adverse credibility determination, see Shunfu Li v. Mukasey, 529 F.3d 141, 146-147 (2d Cir.2008).
With respect to the findings that Lin does challenge, each was proper. The IJ properly found that: (1) there were inter *29 nal inconsistencies within Lin’s testimony regarding the medical treatment that he allegedly received after his head injury; (2) Lin was “evasive” and his testimony “lacked specific detail”; (3) Lin’s testimony was inconsistent with his application regarding the type of Falun Gong materials that he was distributing when he was arrested; (4) Lin’s testimony was inconsistent with that of his aunt concerning whether she knew he attended a Falun Gong demonstration in 2005; and (5) Lin was unresponsive to certain questions. While Lin offered explanations before the agency that were responsive to each of these findings, we cannot say that the agency erred in rejecting them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Having called Lin’s testimony into question, the IJ properly concluded that the absence of evidence corroborating his alleged medical problems rendered him unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Ultimately, viewed in its totality, substantial evidence supports the IJ’s adverse credibility determination. See 8. U.S.C. § 1252(b)(4)(B); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). Therefore, the IJ properly denied Lin’s application for asylum and withholding of removal because the only evidence that he would be persecuted depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). In addition, Lin waives any challenge to the agency’s denial of his application for CAT relief. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).